# EXHIBIT A

Case 1:25-cv-01331-AMN-DJS   Document 1-1   Filed 09/23/25   Page 2 of 30

STATE OF NEW YORK
SUPREME COURT          COUNTY OF SARATOGA
-----------------------------------------------------------------------------------
COURTNEY E. WITHERSPOON and
DANNY J. WITHERSPOON, Individually and as Parents
and Natural Guardians of L.W, an Infant,

|  |  |
|---|---|
| Plaintiffs, | **SUMMONS** |
| -against- | **INDEX NO.:** |

AMAZON.COM SALES, INC.,
AMAZON.COM SERVICES LLC,
SHENZHEN HUCCESS CO., LTD,
AMAZON.COM SERVICES, INC. A/K/A AMAZON.COM, INC.,
AMAZON.COM, INC. A/K/A AMAZON,
AMAZON.COM LLC, AMAZON.COM.DEDC, LLC,
"ABC CORPORATION" and "ABC PARTNERSHIP"
(the aforesaid names being fictitious and their true names
being unknown),

                                        Defendants.
-----------------------------------------------------------------------------------

TO THE ABOVE-NAMED DEFENDANTS:

     **YOU ARE HEREBY SUMMONED** and required to serve upon Plaintiffs' attorneys an

answer to the Complaint in this action within twenty days after the service of this Summons,

exclusive of the day of service, or within thirty days after service is complete if this Summons is

not personally delivered to you within the State of New York.  In case of your failure to answer,

judgment will be taken against you by default for the relief demanded in the Complaint.

1

Case 1:25-cv-01331-AMN-DJS    Document 1-1    Filed 09/23/25    Page 3 of 30

Plaintiffs designate Saratoga County as the place of trial. The basis of venue is that the

Plaintiffs reside in the County of Saratoga, State of New York.

Dated:  August 1, 2025

By:_____

Philip S. Mazzotti, Esq.
HARDING MAZZOTTI, LLP
*Attorneys for Plaintiffs*
1 Wall Street
Albany, New York 12205
(518) 862-1200
Philip.Mazzotti@1800LAW1010.com

2

STATE OF NEW YORK
SUPREME COURT         COUNTY OF SARATOGA

---------------------------------------------------------------------------------

COURTNEY E. WITHERSPOON and
DANNY J. WITHERSPOON, Individually and as Parents
and Natural Guardians of L.W, an Infant,

                Plaintiffs,         **COMPLAINT**

        -against-           **INDEX NO.:**

AMAZON.COM SALES, INC.,
AMAZON.COM SERVICES LLC,
SHENZHEN HUCCESS CO., LTD,
AMAZON.COM SERVICES, INC. A/K/A AMAZON.COM, INC.,
AMAZON.COM, INC. A/K/A AMAZON,
AMAZON.COM LLC, AMAZON.COM.DEDC, LLC,
"ABC CORPORATION" and "ABC PARTNERSHIP"
(the aforesaid names being fictitious and their true names
being unknown),

                Defendants.

---------------------------------------------------------------------------------

Plaintiffs, Courtney E. Witherspoon and Danny J. Witherspoon, Individually, and as Parents and Natural Guardians of L.W., an infant, complaining of the Defendants by and through their attorneys, Harding Mazzotti, LLP, respectfully allege as follows:

1. That at all times hereinafter mentioned, infant Plaintiff L.W. was and still is a resident of the County of Saratoga, State of New York.

2. That at all times hereinafter mentioned, infant Plaintiff L.W. was and still is an infant having a date of birth of July 26, 2019.

3. That at all times hereinafter mentioned, Plaintiffs Courtney E. Witherspoon and Danny J. Witherspoon, were and still are the parents and natural guardians of infant Plaintiff L.W.

3

4.      That at all times hereinafter mentioned, Plaintiffs Courtney E. Witherspoon and Danny J. Witherspoon were and still are residents of the County of Saratoga, State of New York.

5.      That at all times hereinafter mentioned, Plaintiffs, Courtney E. Witherspoon and Danny J. Witherspoon were and still are married.

6.      Upon information and belief, the Defendant, AMAZON.COM SALES, INC., was and still is a foreign business corporation organized and existing pursuant to the laws of the State of Delaware, with its principal place of business located at 410 Terry Avenue North, Seattle, Washington 98109.

7.      Upon information and belief, the Defendant, AMAZON.COM SERVICES LLC, was and still is a foreign limited liability company organized and existing pursuant to the laws of the State of Delaware, with its principal place of business located at 410 Terry Avenue North, Seattle, Washington 98109.

8.      Upon information and belief, and at all times hereinafter relevant, Defendant, SHENZHEN HUCCESS CO., LTD, was and still is a foreign corporation organized and existing pursuant to the laws of China, with its principal place of business located in Shenzhen, Guangdong, China.

9.      Upon information and belief, and at all times hereinafter relevant, Defendant, SHENZHEN HUCCESS CO., LTD, was a foreign business corporation which did business in the State of New York.

10.     Upon information and belief, and at all times hereinafter relevant, Defendant, AMAZON.COM SERVICES INC. A/K/A AMAZON.COM, INC., was and still is a foreign or

4

domestic corporation with an office for the transaction of business located at 410 Terry Avenue North, Seattle, Washington 98109.

11.     Upon information and belief, and at all times hereinafter relevant, Defendant, AMAZON.COM, INC. A/K/A AMAZON, was and still is a foreign or domestic corporation with an office for the transaction of business located at 410 Terry Avenue North, Seattle, Washington 98109.

12.     Upon information and belief, and at all times hereinafter relevant, Defendant, AMAZON.COM LLC, was and still is a foreign limited liability company organized in Delaware and existing under and by virtue of the laws of the State of New York; said defendant is conducting business in the State of New York.

13.     Upon information and belief, and at all times hereinafter relevant, Defendant, AMAZON.COM.DEDC, LLC, was and still is a foreign limited liability company organized in Delaware and existing under and by virtue of the laws of the State of New York; said defendant is conducting business in the State of New York.

14.     That Defendants "ABC CORPORATION" and "ABC PARTNERSHIP" (the aforesaid names being fictitious and their true names being unknown) was and still is a domestic and/or foreign business entity organized and existing under and by virtue of the laws of the State of New York; said defendants are conducting business in the State of New York; additionally, said defendants own, operate, manage, maintain, control, lease, distribute, repair, assemble, produce and/or manufacture tabletop firepits.

15.     That Defendants "ABC CORPORATION" and "ABC PARTNERSHIP" whose identities are not presently known by plaintiff and are thus fictitiously designated, are entities that

5

own, operate, manage, maintain, control, lease, distribute, repair, assemble, produce and/or manufacture tabletop firepits; said equipment deviated from the applicable standard of care with respect to the Plaintiffs causing the damages, losses and injuries set forth in this Complaint.

16.    That Defendants "ABC CORPORATION" and/or "ABC PARTNERSHIP" were business entities that either individually or in concert with the other Defendants were involved in the ownership, operation, management, maintenance, assembly, repairs and/or inspections of tabletop firepits sold by the herein Defendants.

17.    That upon information and belief, the causes of action alleged herein against the Defendant, AMAZON.COM SALES, INC., arise from transacting business within the State of New York and/or contracting to supply goods or services in the State of New York.

18.    That upon information and belief, the causes of action alleged herein against the Defendant, AMAZON.COM SALES, INC., arise from the commission by Defendant of a tortious act or acts within the State of New York which caused injury to the Plaintiffs.

19.    That upon information and belief, the causes of action alleged herein against the Defendant, AMAZON.COM SALES, INC., arise from the commission of a tortious act or acts outside of the State of New York, which caused injury to the Plaintiffs.

20.    That upon information and belief, at all times relevant, the Defendant, AMAZON.COM SALES, INC., was engaged in the business of designing, assembling, manufacturing, wholesaling, retailing, inspecting, advertising, marketing, distributing, supplying and selling tabletop firepits, commonly referred to and known as "Mavalzy Tabletop Fire Pit."

21.    That upon information and belief, at all times relevant, the Defendant, AMAZON.COM SALES, INC., did sell tabletop firepits in the State of New York.

6

22. That upon information and belief, at all times relevant the Defendant, AMAZON.COM SALES, INC., did distribute and/or supply tabletop firepits in the State of New York.

23. That upon information and belief, at all times relevant, the Defendant, AMAZON.COM SALES, INC., did advertise and/or market tabletop firepits within the State of New York.

24. That upon information and belief, at all times relevant, Defendant AMAZON.COM SALES, INC., did design, manufacture, assemble, sell, supply and/or distribute a tabletop firepit, Manufacture Number MFP01004 and labeled "Small Tabletop Firepit", commonly referred to and known as "Mavalzy Tabletop Fire Pit."

25. That upon information and belief, the causes of action alleged herein against the Defendant, AMAZON.COM SERVICES LLC, arise from transacting business within the State of New York and/or contracting to supply goods or services in the State of New York.

26. That upon information and belief, the causes of action alleged herein against the Defendant, AMAZON.COM SERVICES LLC, arise from the commission by Defendant of a tortious act or acts within the State of New York which caused injury to the Plaintiffs.

27. That upon information and belief, the causes of action alleged herein against the Defendant, AMAZON.COM SERVICES LLC, arise from the commission of a tortious act or acts outside of the State of New York, which caused injury to the Plaintiffs.

28. That upon information and belief, at all times relevant, the Defendant, AMAZON.COM SERVICES LLC, was engaged in the business of designing, assembling,

7

manufacturing, wholesaling, retailing, inspecting, advertising, marketing, distributing, supplying and selling tabletop firepits, commonly referred to and known as "Mavalzy Tabletop Fire Pit."

29. That upon information and belief, at all times relevant, the Defendant, AMAZON.COM SERVICES LLC, did sell tabletop firepits in the State of New York.

30. That upon information and belief, at all times relevant the Defendant, AMAZON.COM SERVICES LLC, did distribute and/or supply tabletop firepits in the State of New York.

31. That upon information and belief, at all times relevant, the Defendant, AMAZON.COM SERVICES LLC, did advertise and/or market tabletop firepits within the State of New York.

32. That upon information and belief, at all times relevant, Defendant, AMAZON.COM SERVICES LLC,  did design, manufacture, assemble, sell, supply and/or distribute a tabletop firepit, Manufacture Number MFP01004 and labeled "Small Tabletop Firepit", commonly referred to and known as "Mavalzy Tabletop Fire Pit, Premium Portable Tabletop Rubbing Alcohol Fireplace Table Top Fire Pit Bowl Long Burning Smokeless Indoor Outdoor Mini Fireplace", with Amazon Order ID: 114-0831642-4377032.

33. That upon information and belief, the causes of action alleged herein against the Defendant, SHENZHEN HUCCESS CO., LTD, arise from transacting business within the State of New York and/or contracting to supply goods or services in the State of New York.

34. That upon information and belief, the causes of action alleged herein against the Defendant, SHENZHEN HUCCESS CO., LTD, arise from the commission by Defendant of a tortious act or acts within the State of New York which caused injury to the Plaintiffs.

8

35.     That upon information and belief, the causes of action alleged herein against the Defendant, SHENZHEN HUCCESS CO., LTD, arise from the commission of a tortious act or acts outside of the State of New York, which caused injury to the Plaintiffs.

36.     That upon information and belief, at all times relevant, the Defendant, SHENZHEN HUCCESS CO., LTD, was engaged in the business of designing, assembling, manufacturing, wholesaling, retailing, inspecting, advertising, marketing, distributing, supplying and selling tabletop firepits, commonly referred to and known as "Mavalzy Tabletop Fire Pit, Premium Portable Tabletop Rubbing Alcohol Fireplace Table Top Fire Pit Bowl Long Burning Smokeless Indoor Outdoor Mini Fireplace", with Amazon Order ID: 114-0831642-4377032.

37.     That upon information and belief, at all times relevant, the Defendant, SHENZHEN HUCCESS CO., LTD, did sell tabletop firepits in the State of New York.

38.     That upon information and belief, at all times relevant the Defendant, SHENZHEN HUCCESS CO., LTD, did distribute and/or supply tabletop firepits in the State of New York.

39.     That upon information and belief, at all times relevant, the Defendant, SHENZHEN HUCCESS CO., LTD, did advertise and/or market tabletop firepits within the State of New York.

40.     That upon information and belief, at all times relevant, Defendant, SHENZHEN HUCCESS CO., LTD, did design, manufacture, assemble, sell, supply and/or distribute a tabletop firepit, Manufacture Number MFP01004 and labeled "Small Tabletop Firepit", commonly referred to and known as "Mavalzy Tabletop Fire Pit, Premium Portable Tabletop Rubbing Alcohol Fireplace Table Top Fire Pit Bowl Long Burning Smokeless Indoor Outdoor Mini Fireplace", with Amazon Order ID: 114-0831642-4377032.

9

41.      That upon information and belief, the causes of action alleged herein against the Defendant, AMAZON.COM SERVICES INC. A/K/A AMAZON.COM, INC., arise from transacting business within the State of New York and/or contracting to supply goods or services in the State of New York.

42.      That upon information and belief, the causes of action alleged herein against the Defendant, AMAZON.COM SERVICES INC. A/K/A AMAZON.COM, INC., arise from the commission by Defendant of a tortious act or acts within the State of New York which caused injury to the Plaintiffs.

43.      That upon information and belief, the causes of action alleged herein against the Defendant, AMAZON.COM SERVICES INC. A/K/A AMAZON.COM, INC., arise from the commission of a tortious act or acts outside of the State of New York, which caused injury to the Plaintiffs.

44.      That upon information and belief, at all times relevant, the Defendant, AMAZON.COM SERVICES INC. A/K/A AMAZON.COM, INC., was engaged in the business of designing, assembling, manufacturing, wholesaling, retailing, inspecting, advertising, marketing, distributing, supplying and selling tabletop firepits, commonly referred to and known as "Mavalzy Tabletop Fire Pit."

45.      That upon information and belief, at all times relevant, the Defendant, AMAZON.COM SERVICES INC. A/K/A AMAZON.COM, INC., did sell tabletop firepits in the State of New York.

10

46.     That upon information and belief, at all times relevant the Defendant, AMAZON.COM SERVICES INC. A/K/A AMAZON.COM, INC., did distribute and/or supply tabletop firepits in the State of New York.

47.     That upon information and belief, at all times relevant, the Defendant, AMAZON.COM SERVICES INC. A/K/A AMAZON.COM, INC., did advertise and/or market tabletop firepits within the State of New York.

48.     That upon information and belief, at all times relevant, Defendant, AMAZON.COM SERVICES INC. A/K/A AMAZON.COM, INC., did design, manufacture, assemble, sell, supply and/or distribute a tabletop firepit, Manufacture Number MFP01004 and labeled "Small Tabletop Firepit", commonly referred to and known as "Mavalzy Tabletop Fire Pit, Premium Portable Tabletop Rubbing Alcohol Fireplace Table Top Fire Pit Bowl Long Burning Smokeless Indoor Outdoor Mini Fireplace", with Amazon Order ID: 114-0831642-4377032.

49.     That upon information and belief, the causes of action alleged herein against the Defendant, AMAZON.COM, INC. A/K/A AMAZON, arise from transacting business within the State of New York and/or contracting to supply goods or services in the State of New York.

50.     That upon information and belief, the causes of action alleged herein against the Defendant, AMAZON.COM, INC. A/K/A AMAZON, arise from the commission by Defendant of a tortious act or acts within the State of New York which caused injury to the Plaintiffs.

51.     That upon information and belief, the causes of action alleged herein against the Defendant, AMAZON.COM, INC. A/K/A AMAZON, arise from the commission of a tortious act or acts outside of the State of New York, which caused injury to the Plaintiffs.

11

52.     That upon information and belief, at all times relevant, the Defendant, AMAZON.COM, INC. A/K/A AMAZON, was engaged in the business of designing, assembling, manufacturing, wholesaling, retailing, inspecting, advertising, marketing, distributing, supplying and selling tabletop firepits, commonly referred to and known as "Mavalzy Tabletop Fire Pit."

53.     That upon information and belief, at all times relevant, the Defendant, AMAZON.COM, INC. A/K/A AMAZON, did sell tabletop firepits in the State of New York.

54.     That upon information and belief, at all times relevant the Defendant, AMAZON.COM, INC. A/K/A AMAZON, did distribute and/or supply tabletop firepits in the State of New York.

55.     That upon information and belief, at all times relevant, the Defendant, AMAZON.COM, INC. A/K/A AMAZON, did advertise and/or market tabletop firepits within the State of New York.

56.     That upon information and belief, at all times relevant, Defendant, AMAZON.COM, INC. A/K/A AMAZON, did design, manufacture, assemble, sell, supply and/or distribute a tabletop firepit, Manufacture Number MFP01004 and labeled "Small Tabletop Firepit", commonly referred to and known as "Mavalzy Tabletop Fire Pit, Premium Portable Tabletop Rubbing Alcohol Fireplace Table Top Fire Pit Bowl Long Burning Smokeless Indoor Outdoor Mini Fireplace", with Amazon Order ID: 114-0831642-4377032.

57.     That upon information and belief, the causes of action alleged herein against the Defendant, AMAZON.COM LLC, arise from transacting business within the State of New York and/or contracting to supply goods or services in the State of New York.

12

58. That upon information and belief, the causes of action alleged herein against the Defendant, AMAZON.COM LLC, arise from the commission by Defendant of a tortious act or acts within the State of New York which caused injury to the Plaintiffs.

59. That upon information and belief, the causes of action alleged herein against the Defendant, AMAZON.COM LLC, arise from the commission of a tortious act or acts outside of the State of New York, which caused injury to the Plaintiffs.

60. That upon information and belief, at all times relevant, the Defendant, AMAZON.COM LLC, was engaged in the business of designing, assembling, manufacturing, wholesaling, retailing, inspecting, advertising, marketing, distributing, supplying and selling tabletop firepits, commonly referred to and known as "Mavalzy Tabletop Fire Pit."

61. That upon information and belief, at all times relevant, the Defendant, AMAZON.COM LLC, did sell tabletop firepits in the State of New York.

62. That upon information and belief, at all times relevant the Defendant, AMAZON.COM LLC, did distribute and/or supply tabletop firepits in the State of New York.

63. That upon information and belief, at all times relevant, the Defendant, AMAZON.COM LLC, did advertise and/or market tabletop firepits within the State of New York.

64. That upon information and belief, at all times relevant, Defendant, AMAZON.COM LLC, did design, manufacture, assemble, sell, supply and/or distribute a tabletop firepit, Manufacture Number MFP01004 and labeled "Small Tabletop Firepit", commonly referred to and known as "Mavalzy Tabletop Fire Pit, Premium Portable Tabletop Rubbing Alcohol Fireplace Table Top Fire Pit Bowl Long Burning Smokeless Indoor Outdoor Mini Fireplace", with Amazon Order ID: 114-0831642-4377032.

13

65.    That upon information and belief, the causes of action alleged herein against the Defendant, AMAZON.COM.DEDC, LLC, arise from transacting business within the State of New York and/or contracting to supply goods or services in the State of New York.

66.    That upon information and belief, the causes of action alleged herein against the Defendant, AMAZON.COM.DEDC, LLC, arise from the commission by Defendant of a tortious act or acts within the State of New York which caused injury to the Plaintiffs.

67.    That upon information and belief, the causes of action alleged herein against the Defendant, AMAZON.COM.DEDC, LLC, arise from the commission of a tortious act or acts outside of the State of New York, which caused injury to the Plaintiffs.

68.    That upon information and belief, at all times relevant, the Defendant, AMAZON.COM.DEDC, LLC, was engaged in the business of designing, assembling, manufacturing, wholesaling, retailing, inspecting, advertising, marketing, distributing, supplying and selling tabletop firepits, commonly referred to and known as "Mavalzy Tabletop Fire Pit."

69.    That upon information and belief, at all times relevant, the Defendant, AMAZON.COM.DEDC, LLC, did sell tabletop firepits in the State of New York.

70.    That upon information and belief, at all times relevant the Defendant, AMAZON.COM.DEDC, LLC, did distribute and/or supply tabletop firepits in the State of New York.

71.    That upon information and belief, at all times relevant, the Defendant, AMAZON.COM.DEDC, LLC, did advertise and/or market tabletop firepits within the State of New York.

14

72. That upon information and belief, at all times relevant, Defendant, AMAZON.COM.DEDC, LLC, did design, manufacture, assemble, sell, supply and/or distribute a tabletop firepit, Manufacture Number MFP01004 and labeled "Small Tabletop Firepit", commonly referred to and known as "Mavalzy Tabletop Fire Pit, Premium Portable Tabletop Rubbing Alcohol Fireplace Table Top Fire Pit Bowl Long Burning Smokeless Indoor Outdoor Mini Fireplace", with Amazon Order ID: 114-0831642-4377032.

73. That upon information and belief, the causes of action alleged herein against the Defendants, "ABC CORPORATION" and "ABC PARTNERSHIP", arise from transacting business within the State of New York and/or contracting to supply goods or services in the State of New York.

74. That upon information and belief, the causes of action alleged herein against the Defendants, "ABC CORPORATION" and "ABC PARTNERSHIP", arise from the commission by Defendant of a tortious act or acts within the State of New York which caused injury to the Plaintiffs.

75. That upon information and belief, the causes of action alleged herein against the Defendants, "ABC CORPORATION" and "ABC PARTNERSHIP", arise from the commission of a tortious act or acts outside of the State of New York, which caused injury to the Plaintiffs.

76. That upon information and belief, at all times relevant, the Defendants, "ABC CORPORATION" and "ABC PARTNERSHIP", was engaged in the business of designing, assembling, manufacturing, wholesaling, retailing, inspecting, advertising, marketing, distributing, supplying and selling tabletop firepits, commonly referred to and known as "Mavalzy Tabletop Fire Pit."

15

77.    That upon information and belief, at all times relevant, the Defendants, "ABC CORPORATION" and "ABC PARTNERSHIP", did sell tabletop firepits in the State of New York.

78.    That upon information and belief, at all times relevant the Defendants, "ABC CORPORATION" and "ABC PARTNERSHIP", did distribute and/or supply tabletop firepits in the State of New York.

79.    That upon information and belief, at all times relevant, the Defendants, "ABC CORPORATION" and "ABC PARTNERSHIP", did advertise and/or market tabletop firepits within the State of New York.

80.    That upon information and belief, at all times relevant, Defendants, "ABC CORPORATION" and "ABC PARTNERSHIP", did design, manufacture, assemble, sell, supply and/or distribute a tabletop firepit, Manufacture Number MFP01004 and labeled "Small Tabletop Firepit", commonly referred to and known as "Mavalzy Tabletop Fire Pit, Premium Portable Tabletop Rubbing Alcohol Fireplace Table Top Fire Pit Bowl Long Burning Smokeless Indoor Outdoor Mini Fireplace", with Amazon Order ID: 114-0831642-4377032.

**AS AND FOR A FIRST CAUSE OF ACTION AGAINST THE DEFENDANTS**

81.    Plaintiffs repeat, reiterate and reallege each and every allegation contained in the Complaint herein, all with the same force and effect as though set forth fully at this point.

82.    That upon information and belief, at all times relevant, the Defendants did design tabletop firepits for use in businesses and the general public.

83.    That upon information and belief, at all times relevant, the Defendants did assemble tabletop firepits for businesses and the general public.

16

84.    That upon information and belief, at all times relevant, the Defendants did inspect the tabletop firepits prior to their sale and distribution to businesses and the public.

85.    That upon information and belief, at all times relevant, the Defendants did manufacture tabletop firepits for businesses and the general public.

86.    That upon information and belief, at all times relevant, the Defendants did sell tabletop firepits to businesses and the general public.

87.    That upon information and belief, at all times relevant, the Defendants did supply and/or distribute tabletop firepits to businesses and the general public.

88.    That upon information and belief, at all times relevant, the Defendants did advertise tabletop firepits for sale to businesses and the general public.

89.    That upon information and belief, at all times relevant, the Defendants did market tabletop firepits.

90.    That upon information and belief, at all times relevant, Defendants did put the tabletop firepit, Manufacture Number MFP01004 and labeled "Small Tabletop Firepit", commonly referred to and known as "Mavalzy Tabletop Fire Pit, Premium Portable Tabletop Rubbing Alcohol Fireplace Table Top Fire Pit Bowl Long Burning Smokeless Indoor Outdoor Mini Fireplace", with Amazon Order ID: 114-0831642-4377032 into the stream of commerce.

91.    That at approximately 5:30 p.m. on April 23, 2024, Plaintiffs, Courtney E. Witherspoon, Danny J. Witherspoon and infant Plaintiff L.W., were using the Defendants' above said tabletop firepit when flame was caused to be emitted and/or jetted from the firepit causing the above-named Plaintiffs to sustain severe, permanent and devastating injuries, including severe burns to large portions of their respective bodies.

17

92. That at the above said time and place, the said Defendants' "Small Tabletop Firepit" with Manufacture Number MFP01004, commonly referred to and known as "Mavalzy Tabletop Fire Pit, Premium Portable Tabletop Rubbing Alcohol Fireplace Table Top Fire Pit Bowl Long Burning Smokeless Indoor Outdoor Mini Fireplace", with Amazon Order ID: 114-0831642-4377032 was defectively designed and/or manufactured because it did not have, among other things, proper guarding, proper glass shield permanently fixed to the tabletop firepit to guard against a person coming into contact with the flame and/or flammable liquid, causing the Plaintiffs to be exposed to dangerous and hazardous conditions.

93. Defendants' "Small Tabletop Firepit" with Manufacture Number MFP01004, commonly referred to and known as "Mavalzy Tabletop Fire Pit, Premium Portable Tabletop Rubbing Alcohol Fireplace Table Top Fire Pit Bowl Long Burning Smokeless Indoor Outdoor Mini Fireplace", with Amazon Order ID: 114-0831642-4377032 was defectively manufactured because it failed to comply with the specifications of the design and/or failed to follow federal and New York safety standards in the manufacturing process.

94. That at the above said time and place, the said Defendants' "Small Tabletop Firepit" with Manufacture Number MFP01004, commonly referred to and known as "Mavalzy Tabletop Fire Pit, Premium Portable Tabletop Rubbing Alcohol Fireplace Table Top Fire Pit Bowl Long Burning Smokeless Indoor Outdoor Mini Fireplace", with Amazon Order ID: 114-0831642-4377032 was defectively designed and/or manufactured because it did not have proper warnings to warn a person of the danger of coming into contact with the flame and/or flammable liquid.

95. That the said Defendants' "Small Tabletop Firepit" with Manufacture Number MFP01004, commonly referred to and known as "Mavalzy Tabletop Fire Pit, Premium Portable

18

Tabletop Rubbing Alcohol Fireplace Table Top Fire Pit Bowl Long Burning Smokeless Indoor Outdoor Mini Fireplace", with Amazon Order ID: 114-0831642-4377032 was not designed, manufactured or provided with adequate permanent guarding to prevent a person from coming into contact with the flame and/or flammable liquid.

96. That the Defendants had a duty to design, manufacture and provide said tabletop firepit with adequate permanent guarding to prevent a person from coming into contact with the flame and/or flammable liquid.

97. That the Defendants had a duty to properly inspect and test the said Defendants' "Small Tabletop Firepit" with Manufacture Number MFP01004, commonly referred to and known as "Mavalzy Tabletop Fire Pit, Premium Portable Tabletop Rubbing Alcohol Fireplace Table Top Fire Pit Bowl Long Burning Smokeless Indoor Outdoor Mini Fireplace", with Amazon Order ID: 114-0831642-4377032 to ensure that it had proper guarding to prevent a person from coming into contact with the flame and/or flammable liquid.

98. The aforesaid occurrence was caused by reason of the negligence and/or carelessness of Defendants in the design, assembly, manufacture, testing, inspecting, marketing, supply, warning and sale of the above-said tabletop firepit.

99. That the said Defendants' "Small Tabletop Firepit" with Manufacture Number MFP01004, commonly referred to and known as "Mavalzy Tabletop Fire Pit, Premium Portable Tabletop Rubbing Alcohol Fireplace Table Top Fire Pit Bowl Long Burning Smokeless Indoor Outdoor Mini Fireplace", with Amazon Order ID: 114-0831642-4377032 lacked adequate warnings and/or instructions regarding its design and the lack of permanent guarding which would permit a person from coming into contact with the flame and/or flammable liquid.

19

100. That the said Defendants' "Small Tabletop Firepit" with Manufacture Number MFP01004, commonly referred to and known as "Mavalzy Tabletop Fire Pit, Premium Portable Tabletop Rubbing Alcohol Fireplace Table Top Fire Pit Bowl Long Burning Smokeless Indoor Outdoor Mini Fireplace", with Amazon Order ID: 114-0831642-4377032 was lacking parts or component parts or was otherwise damaged when it left the assembly line or was placed into the stream of commerce including lacking and/or missing guarding which would prevent a person from coming into contact with the flame and/or flammable liquid.

101. The aforesaid occurrence was caused by reason of the negligence and/or carelessness of Defendants' failure to warn Plaintiffs of the danger of flame being emitted and/or jetted from said tabletop firepit.

102. That at all times relevant, Defendants did not stay current on technical literature and design methods related to the tabletop firepit, Manufacture Number MFP01004 and labeled "Small Tabletop Firepit", commonly referred to and known as "Mavalzy Tabletop Fire Pit, Premium Portable Tabletop Rubbing Alcohol Fireplace Table Top Fire Pit Bowl Long Burning Smokeless Indoor Outdoor Mini Fireplace", with Amazon Order ID: 114-0831642-4377032.

103. Defendants breached their duty to the Plaintiffs in failing to use reasonable care in the design, assembly, manufacture, testing and inspecting of said tabletop firepit and its component parts; in failing to exercise reasonable care in the design, testing, assembling, maintaining, installing, repairing, servicing, controlling and inspecting of said persons coming into contact with the flame and/or flammable liquid of the tabletop firepit and/or its component parts; in failing to warn Plaintiffs of said tabletop firepits dangerous and defective condition; in failing to take those precautions necessary to avert, avoid and eliminate the dangerous, defective and hazardous

20

condition which caused injury to the Plaintiffs; in causing, permitting, allowing and/or acquiescing in the occurrence of said incident; and failing to discover that said tabletop firepit and/or its component parts were in a dangerous and defective condition.

104.    That the said Defendants' "Small Tabletop Firepit" with Manufacture Number MFP01004, commonly referred to and known as "Mavalzy Tabletop Fire Pit, Premium Portable Tabletop Rubbing Alcohol Fireplace Table Top Fire Pit Bowl Long Burning Smokeless Indoor Outdoor Mini Fireplace", with Amazon Order ID: 114-0831642-4377032 was defectively designed, where at all times relevant, it was not reasonably safe because of the substantial likelihood of harm caused by its use.

105.    That at all times relevant, it was feasible to design the Defendants' "Small Tabletop Firepit" with Manufacture Number MFP01004, commonly referred to and known as "Mavalzy Tabletop Fire Pit, Premium Portable Tabletop Rubbing Alcohol Fireplace Table Top Fire Pit Bowl Long Burning Smokeless Indoor Outdoor Mini Fireplace", with Amazon Order ID: 114-0831642-4377032 in a safer way.

106.    Upon information and belief, at all times herein mentioned, the Defendants had actual and/or constructive notice and knowledge that the said tabletop firepit was not reasonably safe to be used for its intended purpose and in the manner intended, and that it was defective and dangerous in design and/or manufacture.

107.    In the exercise of reasonable care, the Defendants should have had notice and knowledge of the defective and dangerous nature of the subject tabletop firepit.

108.    As a result of the Defendants' negligence, its design defect of Defendants' "Small Tabletop Firepit" with Manufacture Number MFP01004, commonly referred to and known as

21

Case 1:25-cv-01331-AMN-DJS    Document 1-1    Filed 09/23/25    Page 23 of 30

"Mavalzy Tabletop Fire Pit, Premium Portable Tabletop Rubbing Alcohol Fireplace Table Top Fire Pit Bowl Long Burning Smokeless Indoor Outdoor Mini Fireplace", with Amazon Order ID: 114-0831642-4377032 and its component parts, and failure to warn, Plaintiffs Courtney E. Witherspoon, Danny J. Witherspoon and infant Plaintiff L.W., were each caused to suffer severe, permanent injuries.

109. Said incident and the injuries and damages arising therefrom were caused and contributed to solely by reason of the reckless, careless, negligent acts, omissions, conduct, defectively designed product, defectively manufactured product, failure to warn, and strict liability of Defendants, without any negligence on the part of Plaintiffs contributing thereto.

110. By reason of the foregoing, the Plaintiffs sustained great bodily injury, so that they became sore and wounded and have been prevented from attending to their usual duties; have suffered pain; and that the Plaintiffs have been injured permanently, externally, internally and otherwise, all to their damage in a sum in excess of the monetary jurisdiction of all lower courts that would otherwise have jurisdiction over this action.

111. Plaintiffs' causes of action fall within one of the exceptions set forth under Section 1602 of the CPLR.

**AS AND FOR A SECOND CAUSE OF ACTION AGAINST DEFENDANTS**

112. Plaintiffs repeat, reiterate and reallege each and every allegation contained in the Complaint herein, all with the same force and effect as though set forth fully at this point.

113. The Defendants did design and manufacture the said tabletop firepit in question, and such tabletop firepit was defectively designed, manufactured and not reasonably safe.

22

Case 1:25-cv-01331-AMN-DJS    Document 1-1    Filed 09/23/25    Page 24 of 30

114. That on April 23, 2024, at approximately 5:30 p.m., and as a direct and proximate result of the defective condition, nature, design, construction, manufacture and unreasonably safe character of the said tabletop firepit, Plaintiffs Courtney E. Witherspoon, Danny J. Witherspoon and infant Plaintiff L.W., were caused to suffer severe, painful and permanent injuries.

115. That the Defendants are liable by virtue of the defective design, manufacture and lack of proper warnings and lack of adequate instructions including as to its intended and proper use and potential hazards of said tabletop firepit.

116. That at all times hereinafter mentioned, the Defendants are liable to the Plaintiffs under the doctrine of strict products liability.

117. By reason of the foregoing, Plaintiffs sustained great bodily injury, so that they became sore, wounded and disabled; have been prevented from attending to their usual duties; have suffered pain; and that the Plaintiffs have been injured permanently, externally, internally and otherwise, all to their damages in a sum in excess of the monetary jurisdiction of all lower courts that would otherwise have jurisdiction over this action.

118. Plaintiffs' causes of action fall within one of the exceptions set forth under Section 1602 of the CPLR.

### AS AND FOR A THIRD CAUSE OF ACTION AGAINST DEFENDANTS

119. Plaintiffs repeat, reiterate and reallege each and every allegation contained in the Complaint herein, all with the same force and effect as though set forth fully at this point.

120. That prior to the sale of said tabletop firepit, the Defendants expressly warranted that the product was of merchantable quality, reasonably fit, safe and suitable for the purpose for

23

Case 1:25-cv-01331-AMN-DJS    Document 1-1    Filed 09/23/25    Page 25 of 30

which it was designed, manufactured, constructed, assembled, equipped, sold, distributed and intended.

121.    Upon information and belief, at all times hereinafter mentioned, Defendants expressly and through their officers, agents, servants and/or employees warranted to the general public, and to the Plaintiffs herein, that the said tabletop firepit was safe for its intended and/or foreseeable use.

122.    That Defendants' "Small Tabletop Firepit" with Manufacture Number MFP01004, commonly referred to and known as "Mavalzy Tabletop Fire Pit, Premium Portable Tabletop Rubbing Alcohol Fireplace Table Top Fire Pit Bowl Long Burning Smokeless Indoor Outdoor Mini Fireplace", with Amazon Order ID: 114-0831642-4377032 did not perform as expressly warranted and advertised.

123.    Upon information and belief, the Defendants through their officers, agents, servants and/or employees, breached the warranty in that said tabletop firepit and its component parts, in the design and construction thereof, was not fit for the purpose for which it was intended, was not of marketable quality, was unsafe for use, was of unsafe design and/or manufacture, and dangerous, and contained latent defects.

124.    That on or about April 23, 2024, the said tabletop firepit, was being used for its intended purpose, and in the manner in which it was intended to be used and operated, when it caused the Plaintiffs to suffer severe and permanent personal injuries.

125.    By reason of the foregoing, Plaintiffs Courtney E. Witherspoon, Danny J. Witherspoon and infant Plaintiff L.W., sustained great bodily injury, so that they became sore, wounded and disabled; have been prevented from attending to their usual duties; have suffered

24

Case 1:25-cv-01331-AMN-DJS    Document 1-1    Filed 09/23/25    Page 26 of 30

pain; and that the Plaintiffs have been injured permanently, externally, internally and otherwise, all to their damage in a sum in excess of the monetary jurisdiction of all lower courts that would otherwise have jurisdiction over this action.

126. Plaintiffs' causes of action fall within one of the exceptions set forth under Section 1602 of the CPLR.

**AS AND FOR A FOURTH CAUSE OF ACTION AGAINST DEFENDANTS**

127. Plaintiffs repeat, reiterate and reallege each and every allegation contained in the Complaint herein, all with the same force and effect as though set forth fully at this point.

128. That prior to the sale of said tabletop firepit, the Defendants impliedly warranted that the product was of merchantable quality, reasonably fit, safe and suitable for the purpose for which it was designed, manufactured, constructed, assembled, equipped, sold, distributed and intended.

129. Upon information and belief, at all times hereinafter mentioned, Defendant impliedly and through its officers, agents, servants and/or employees warranted to the general public, and to the Plaintiff herein, that the said tabletop firepit, was safe for its intended and/or foreseeable use.

130. That Defendant's "Small Tabletop Firepit" with Manufacture Number MFP01004, commonly referred to and known as "Mavalzy Tabletop Fire Pit, Premium Portable Tabletop Rubbing Alcohol Fireplace Table Top Fire Pit Bowl Long Burning Smokeless Indoor Outdoor Mini Fireplace", with Amazon Order ID: 114-0831642-4377032 did not perform as implicitly warranted.

25

131. Upon information and belief, the Defendants through their officers, agents, servants and/or employees, breached the warranty in that said tabletop firepit, in the design and construction thereof, was not fit for the purpose for which it was intended, was not of marketable quality, was unsafe for use, was of unsafe design and/or manufacture, and dangerous, and contained latent defects.

132. That on or about April 23, 2024, the said tabletop firepit, was being used for its intended purpose, and in the manner in which they were intended to be used and operated, when they caused the Plaintiffs Courtney E. Witherspoon, Danny J. Witherspoon and infant Plaintiff L.W., to suffer severe and permanent personal injuries.

133. By reason of the foregoing, Plaintiffs Courtney E. Witherspoon, Danny J. Witherspoon and infant Plaintiff L.W., sustained great bodily injury, so that they became sore, wounded and disabled; have been prevented from attending to their usual duties; have suffered pain; and that the Plaintiffs have been injured permanently, externally, internally and otherwise, all to their damage in a sum in excess of the monetary jurisdiction of all lower courts that would otherwise have jurisdiction over this action.

134. Plaintiffs' causes of action fall within one of the exceptions set forth under Section 1602 of the CPLR.

**AS AND FOR A FIFTH CAUSE OF ACTION AGAINST DEFENDANTS**

135. Plaintiffs repeat, reiterate and reallege each and every allegation contained in the Complaint herein, all with the same force and effect as though set forth fully at this point.

136. The Plaintiff alleges that the doctrine of *res ipsa loquitur* applies in this case.

26

INDEX NO. EF20252908
RECEIVED NYSCEF: 08/01/2025

137.    The Plaintiff sustained an injury due to the negligence of the Defendants in that a tabletop firepit suddenly, unexpectedly and outside the normal manner of one's expectations caused a flame to be emitted and/or jetted.

138.    That the Plaintiff sustained an injury from an event that does not ordinarily occur; to wit, a flame was caused to be emitted and/or jetted from the tabletop top firepit causing the Plaintiff to be injured and therefore, would not have occurred except for the Defendants being negligent.

139.    The Defendants had exclusive management and control of said device at the time of this incident.

140.    The Plaintiffs are free of any and all contributory negligence as the Plaintiffs did not contribute cause this incident.

141.    Plaintiffs' causes of action fall within one of the exceptions set forth under Section 1602 of the CPLR.

## AS AND FOR A SIXTH CAUSE OF ACTION AGAINST DEFENDANTS

142.    Plaintiffs repeat, reiterate and reallege each and every allegation contained in the Complaint herein, all with the same force and effect as though set forth fully at this point.

143.    That at all times hereinafter mentioned, Plaintiff, Courtney E. Witherspoon, was and is the wife of the Plaintiff, Danny J. Witherspoon, and as such, lived and cohabited with him and was entitled to his society, services, consortium and companionship.

144.    By reason of the said injuries to Plaintiff, Danny J. Witherspoon, caused and contributed to solely by reason of the reckless, careless, negligent acts, omissions, conduct, defective product design, defectively manufactured product, failure to warn, and strict liability of

27

Defendants as alleged herein, Plaintiff, Courtney E. Witherspoon, has been denied the care, consideration, companionship, aid, relations, solace and society of her husband, and that by reason of the foregoing loss of her husband's consortium, society, services and companionship, said Plaintiff, Courtney E. Witherspoon has been damaged by the Defendants in a sum in excess of the monetary jurisdiction of all lower courts that would otherwise have jurisdiction over this action.

145.    Plaintiffs' causes of action fall within one of the exceptions set forth under Section 1602 of the CPLR

**AS AND FOR A SEVENTH CAUSE OF ACTION AGAINST DEFENDANTS**

146.    Plaintiffs repeat, reiterate and reallege each and every allegation contained in the Complaint herein, all with the same force and effect as though set forth fully at this point.

147.    That at all times hereinafter mentioned, Plaintiff, Danny J. Witherspoon, was and is the husband of the Plaintiff, Courtney E. Witherspoon, and as such, lived and cohabited with her and was entitled to her society, services, consortium and companionship.

148.    By reason of the said injuries to Plaintiff, Courtney E. Witherspoon, caused and contributed to solely by reason of the reckless, careless, negligent acts, omissions, conduct, defective product design, defectively manufactured product, failure to warn, and strict liability of Defendants as alleged herein, Plaintiff, Danny J. Witherspoon, has been denied the care, consideration, companionship, aid, relations, solace and society of his wife, and that by reason of the foregoing loss of his wife's consortium, society, services and companionship, said Plaintiff, Danny J. Witherspoon has been damaged by the Defendants in a sum in excess of the monetary jurisdiction of all lower courts that would otherwise have jurisdiction over this action.

28

149.    Plaintiffs' causes of action fall within one of the exceptions set forth under Section 1602 of the CPLR

**WHEREFORE**, Plaintiffs demand judgment against the Defendants in a sum of money having a present value which exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction of this matter on the First, Second, Third, Fourth, Fifth, Sixth, and Seventh Causes of Action, together with the costs and disbursements of this action, and for such other and further relief as to this Court may seem just and proper.

Dated:  August 1, 2025

By:  _____
      Philip S. Mazzotti, Esq.
      HARDING MAZZOTTI, LLP
      *Attorneys for Plaintiffs*
      1 Wall Street
      Albany, New York 12205
      (518) 862-1200
      Philip.Mazzotti@1800LAW1010.com

29