UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

COURTNEY E. WITHERSPOON and
DANNY J. WITHERSPOON, Individually and as
Parents and Natural Guardians of L.W., an Infant,

Plaintiffs,

-against-

AMAZON.COM SALES, INC.,
AMAZON.COM SERVICES LLC,
SHENZHEN HUCCESS CO., LTD,
AMAZON.COM SERVICES, INC., A/K/A
AMAZON.COM, INC.,
AMAZON.COM, INC. A/K/A AMAZON,
AMAZON.COM LLC,
AMAZON.COM.DEDC, LLC, "ABC
CORPORATION" and "ABC PARTNERSHIP"
(the aforesaid names being fictitious and
their true names being unknown),

Defendants.

**ORDER**

Case No.:  1:25-cv-01331-
AMN/DJS

PRESENT: HON. ANNE M. .NARDACCI, USDJ

Upon reading and filing the Affirmation of Courtney E. Witherspoon and Danny J. Witherspoon, as parents and natural guardians of L.W., an infant, sworn to the 28th day of May, 2026, and the Affirmation of Victor L. Mazzotti, Esq., sworn to the 29th day of May, 2026, and upon all the proceedings heretofore had herein; and Courtney E. Witherspoon and Danny J. Witherspoon, the Plaintiffs, the infant Plaintiff herein, L.W., and a representative of the firm of Harding Mazzotti, LLP, the attorneys making this application on behalf of the infant, having all appeared before me and having been examined; and due deliberation having been had thereon; and it appearing that the settlement of the infant's claim and cause of action for personal injuries as

1

against Defendants "Amazon" as set forth in the Petition herein would be in the best interest of said infant;

NOW, on the Notice of Motin by Plaintiffs Courtney E. Witherspoon and Danny J. Witherspoon, as parents and natural guardians of L.W., and the Affirmation of Victor L. Mazzotti, Esq., of Harding Mazzotti, LLP it is

**ORDERED** that the application for an Order pursuant to § 1207 of the CPLR authorizing settlement of the claim and cause of action of the infant L.W., against "Amazon", arising out of an incident which occurred on April 23, 2024, at their home, upon the same terms and conditions as hereinafter set forth be, the same is hereby granted; and it is further

**ORDERED** that L.W.'s claim is hereby settled in the amount of $⬛⬛⬛; and it is further,

**ORDERED** that Courtney E. Witherspoon and Danny J. Witherspoon, as parents and natural guardians of L.W., be and hereby are authorized to execute a General Release, together with any other papers or stipulations required to settle and discontinue this cause of action and claim; and it is further

**ORDERED**, that in consideration of the Release set forth above, the Defendant agrees to pay to the individuals named below the sums outlined below:

1.     An immediate cash payment of $⬛⬛⬛ for the benefit of L.W., an infant, to be disbursed as follows:

    a.     $⬛⬛ payment to Harding Mazzotti, LLP as attorneys, which includes attorney's fees and liens of $⬛⬛⬛ and $⬛⬛ for disbursements; and

b.    $▮▮▮▮ payment to Harding Mazzotti, LLP and Courtney and Danny J. Witherspoon to pay as up-front cash to be deposited in a high-yield savings account for the sole use and benefit of L.W., and withdrawals are only to be made upon Court approval until L.W. reaches the age of majority;

c.    $▮▮▮▮ for payment of Martin's Point Medical Lien;

2.    Future period payments on the dates and in the amounts indicated hereafter by those following insurance carriers:

a.    $▮▮▮▮ payable to **MetLife Assignment Company, Inc.** (an "Assignee") to fund the Periodic Payments through the purchase of an annuity policy from **Metropolitan Tower Life Insurance Company (an "Annuity Issuer")** according to the schedule as follows (the "Periodic Payments"):

$▮▮▮ paid on ▮▮/2037 guaranteed.
$▮▮▮ paid on ▮▮/2040 guaranteed.
$▮▮▮ paid on ▮2044 guaranteed.
$▮▮▮ paid on ▮/2049 guaranteed
$▮▮▮ paid on ▮/2054 guaranteed.
$▮▮▮ paid on ▮/2059 guaranteed.
$▮▮▮ paid on ▮/2064 guaranteed.

b.    $▮▮▮▮ payable to **Pacific Life & Annuity Services, Inc.** (an "Assignee") to fund the Periodic Payments through the purchase of an annuity policy from **Pacific Life & Annuity Company (an "Annuity Issuer")** according to the schedule as follows (the "Periodic Payments"):

$▮▮▮ for life, payable monthly, guaranteed for 40 years, beginning on ▮▮/2037, increasing at a rate of 3.00% compounded annually, with the last guaranteed payment on 06/26/2077, and the following lump sum payments:
$▮▮▮ paid on ▮▮2037 guaranteed.
$▮▮▮ paid on ▮▮/2040 guaranteed.
$▮▮▮ paid on ▮▮/2044 guaranteed.



$████    paid on ████/2049 guaranteed.
$████    paid on ████/2054 guaranteed.
$████    paid on ████/2059 guaranteed.
$████    paid on ████2064 guaranteed.

c.    $████    payable **Prudential Assigned Settlement Services Corporation** (an "Assignee") to fund the Periodic Payments through the purchase of an annuity policy from **The Prudential Insurance Company of America (an "Annuity Issuer")** according to the schedule as follows (the "Periodic Payments"):

Payee: L.W.

$████ for life, payable monthly, guaranteed for 40 year(s), beginning on ████/2037, increasing at a rate of 3.00% compounded annually, with the last guaranteed payment on 06/26/2077.

d.    $████    payable **Prudential Assigned Settlement Services Corporation** (an "Assignee") to fund the Periodic Payments through the purchase of an annuity policy from **The Prudential Insurance Company of America (an "Annuity Issuer")** according to the schedule as follows (the "Periodic Payments"):

Payee: L.W.

Monthly payments for 13 years certain beginning 17 years and 1 month from the date the required single premium is received. The Minimum Guaranteed Payment Amount will be $████, provided that the required premium is received by July 1, 2026. If the required premium is received after July 1, 2026, the Minimum Guaranteed Payment amount will be based on the applicable payout rate in effect as of the date the required premium is received.

During the deferral period, the Minimum Guaranteed Payment Amount will increase at the end of an index term, subject to a cap rate if there is a positive change in the value of the index from the beginning to the end of that index term. If the index return during an index term is negative or unchanged at the end of an index term, there will be no change to the Minimum Guaranteed Payment Amount for that index term. Following the end of the deferral period (a) based on the index returns and cap rates for each index term,

4

the final value of the periodic annuity payments will be determined in accordance with the Annuity Certificate: and (b) such value will be fixed and not subject to any further adjustment, regardless of subsequent index performance; and it is further

**ORDERED** that all sums set forth herein constitute damages on account of personal physical injuries or physical sickness in a case involving physical injury or physical sickness within the meaning of §104(a)(2) and §130(c) of the Internal Revenue Code of 1986, as amended; and it is further

**ORDERED** that the projected funding date of the periodic payments set forth herein is July 1, 2026. In the event the periodic payments are not funded on or before that date, the amounts and/or timing of the payments may be changed without need for further Court approval, to ensure the individual costs do not exceed those indicated, for a total cost of $███████. Allocated as stated above. Any changes to payment amounts and/or timing shall be reflected in the Settlement Agreement and Release and the Qualified Assignment to be executed by the parties; and it is further

**ORDERED** that the Insurer, will assign their obligation to make aforesaid future periodic payments to the Assignees above; and it is further

**ORDERED** that each Assignee will fund its obligation to make future periodic payments by purchasing an annuity from its respective Annuity Issuer; and it is further

**ORDERED** the periodic payments cannot be accelerated, deferred, increased or decreased by the Plaintiffs or any Payee, nor shall Plaintiffs or any Payee have the power to sell or mortgage or encumber same, or any part thereof, nor anticipate the same, or any part hereof, by sale, assignment or otherwise. Transfer of the periodic payments is prohibited by the terms of the

structured settlement and by order of this court.  Specifically, this court orders that the funds may not be accessed or withdrawn early, nor in any manner inconsistent with this order; and it is further

**ORDERED** that in the event the Payee should die before receiving all payments due under the aforesaid schedules listed in Sections 1-3, the remaining payments shall be made to the Estate of the Payee. After reaching age of majority, Payee may submit a change of beneficiary in writing to each Assignee.  Each designation must be in a form acceptable to the applicable Assignee, and it is further

**ORDERED** that if Payee dies during the deferral period for the payments listed in Section 4, any interest will continue to be credited during the deferral period. Payments will then be made, as they become due, to the designated beneficiary(ies). If Payee dies during the payout period and prior to all guaranteed annuity payments having become due, payments shall continue to be made, as they become due, to the designated beneficiary(ies).

Signed this  5th  day of ___August___ , 2026.

_Anne M. Nardacci_
Hon. Anne M. Nardacci, USDJ
USDC - NDNY

6